IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY CERUTTI, JAMES COFFMAN, JOHN CONSTABILE, MATTHEW DONALDSON, ANTHONY GEORGIANA, DONALD MCKNIGHT, LINDA MASSUCCI, MICHAEL MASSUCCI, SHAUN CHRISTOPHER, and JOHN ARISON, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>FRITO LAY, INC.,<br><br>     Defendant. | Civil Action No. 2:09-cv-00022-JFC<br><br>Judge Joy Flowers Conti |

## DEFENDANT FRITO-LAY, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS

Page

I.  INTRODUCTION .......................................................................................................... 1

II. FRITO-LAY'S RSRS ARE AND WERE EXEMPT UNDER PENNSYLVANIA'S MOTOR CARRIER EXEMPTION AT ALL APPLICABLE TIMES ................................................................................................. 1

    A. The PMWA Does Not Incorporate Subsequent Changes to the Federal MCA. ............................................................................................................... 3

    B. Post-SAFETEA-LU but Pre-TCA, Plaintiffs Were Exempt from Overtime Under the PMWA. ........................................................................................... 4

        1. SAFETEA-LU Only Changed the Motor Carrier Act's Definition of "Employer," and Did Not in Any Way Affect the Definition of "Employee." ...................................................................................... 4

        2. Plaintiffs' Authorities are Inapposite and Unpersuasive. ................ 5

    C. Post-TCA, Plaintiffs Remained Exempt from Overtime Under the PMWA. ......... 6

III. THE FLUCTUATING WORKWEEK METHOD IS LEGAL IN PENNSYLVANIA .......................................................................................................... 7

    A. The Pennsylvania Bureau of Labor Law Compliance Permits the Use of the Fluctuating Workweek Method. ............................................................... 7

    B. The Only Applicable Case Authority Permits the Use of the Fluctuating Workweek Method. .......................................................................................... 8

    C. Plaintiffs' "Fluctuating Workweek" Authority is Irrelevant and Inapposite. .......... 9

IV. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Boutell v. Walling
 327 U.S. 463 (1946) .................................................................................................. 5

Brooks v. Halsted Communications, Ltd.
 620 F.Supp.2d 193 (D. Mass. 2009) ........................................................................ 6

Charter Hosp. of Bucks County v. Commonwealth
 534 A.2d 1125 (Pa. Cmwlth. Ct. 1987) .................................................................... 4

Dole v. Solid Waste Services, Inc.
 733 F.Supp. 895 (E.D. Pa. 1989) .............................................................................. 5

Evans v. Lowe's Companies, Inc.
 Civil Action No. 3:03-cv-0438, 2004 U.S. Dist. LEXIS 8335
 (M.D. Pa., April 29, 2004) ........................................................................................ 9

Friedrich v. U.S. Computer Systems, Inc.
 833 F. Supp. 470 (E.D. Pa. 1993) ............................................................................. 9

Friedrich v. U.S. Computer Systems, Inc.
 Civil Action No. 90-1615, 1996 U.S. Dist. LEXIS 775 (E.D. Pa., Jan. 23, 1996) ... 9

Goldberg v. Faber Industries, Inc.
 291 F.2d 232 (7th Cir. 1961) ..................................................................................... 5

Hernandez v. Brink's, Inc.
 Case No. 08-20717 (S.D. Fla. Jan. 15, 2009) ........................................................... 6

Ins. Federation of Pa., Inc. v. Commonwealth
 889 A.2d 550 (Pa. 2005) ........................................................................................... 3

Kautsch v. Premier Communications
 502 F. Supp.2d 1007 (W.D. Mo. 2007) .................................................................... 6

Mayan v. Rydbom Express, Inc.
 Case No. 07-2658, 2009 U.S. Dist. LEXIS 90525 (E.D. Pa. Sept 30, 2009) ............ 1, 2, 4, 5, 6

McGee v. Corporate Express Delivery Systems
 2003 U.S. Dist. LEXIS 20855 (N.D. Ill. 2003) ........................................................ 5

Pyramid Motor Freight Corp. v. Ispass
 330 U.S. 695 (1947) .................................................................................................. 5

<u>Remy Dauphin v. Chestnut Ridge Transportation, Inc.</u>
   544 F.Supp. 2d 266 (S.D.N.Y. 2008) ................................................................... 5

<u>State v. Charlesworth</u>
   951 P.2d 153 (Or. Ct. App. 1997) ...................................................................... 4

<u>Tews v. Renzenberger, Inc.</u>
   592 F.Supp.2d 1332 (D.Kan. 2009) ................................................................... 6

<u>Turner v. Mercy Health System</u>
   2010 Phila. Ct. Com. Pl. LEXIS 146 .................................................................. 9

<u>U.S. v. American Trucking Assn.</u>
   310 U.S. 534 (1940) ............................................................................................ 5

<u>Vidinliev v. Carey International, Inc.</u>
   581 F. Supp.2d 1281 (N.D. Ga. 2008) ................................................................ 6

<u>Statutes</u>

1 Pa. C.S.A. § 1937 ...................................................................................................... 3, 4

43 P.S. § 333.105(b)(7) ............................................................................................ 1, 6, 7

29 U.S.C.
   § 207 .............................................................................................................. 2, 10
   § 218(a) ............................................................................................................... 4

49 U.S.C.
   § 3102 ........................................................................................................... 3, 4, 6
   § 13102 ............................................................................................................ 2, 7
   § 31131(1)(A) ..................................................................................................... 2

Or. Rev. Stat. § 174.060 .................................................................................................. 4

Safe, Accountable, Flexible, Efficient Transportation Equality Act: A Legacy for Users
   ("SAFETEA-LU"), Pub. L. No. 109-59, 119 Stat. 1144 .................................... 1

SAFETEA-LU Technical Corrections Act of 2008 ("TCA")
   Pub. L. No. 110-244, 122 Stat. 1572 ............................................................... 1, 2

<u>Other Authorities</u>

29 C.F.R.
   § 778.109 ........................................................................................................... 10
   § 778.114 ....................................................................................................... 1, 10
   § 782.2 ............................................................................................................. 4, 6

34 Pa. Code  
§ 231.41 .................................................................................................................... 10  
§ 231.43 .............................................................................................................. 8, 9, 10  

Pa. Const. Article 2 § 1 ................................................................................................. 3

Defendant Frito-Lay, Inc. ("Frito-Lay") hereby submits its Reply to Plaintiffs' Opposition to its Motion for Partial Summary Judgment ("Motion"), filed on August 30, 2010.

## I. INTRODUCTION

Plaintiffs have unnecessarily complicated the issues raised by Frito-Lay's Motion by focusing on questions not presently before this Court. The only issues before the Court are:

(1)     Whether the Pennsylvania Minimum Wage Act ("PMWA") Motor Carrier Exemption ("MCE"), found at 43 P.S. § 333.105(b)(7), incorporates the changes made to the federal Motor Carrier Act ("MCA"). Case law is clear it does not.

(2)     If the PMWA MCE does incorporate changes to the federal MCA, whether those changes imposed a truck weight requirement for the Pennsylvania exemption to apply, either between the passage of SAFETEA-LU[1] and the passage of the TCA[2], or after the passage of the TCA. During the period between the passage of SAFETEA-LU and the TCA, Frito-Lay remained an exempt commercial motor carrier under Mayan[3], because it remained an **employer** using trucks with Gross Vehicle Weight Ratings ("GVWRs") over 10,000 pounds. After the passage of the TCA, Plaintiffs' own authority confirms there was no weight requirement attached to the PMWA MCE.

(3)     Whether the Fluctuating Workweek ("FWW") method of calculating overtime **on a salary** set forth in 29 C.F.R. § 778.114 is lawful in Pennsylvania. The FWW method is lawful in Pennsylvania, and the issue of how overtime is calculated on commissions is not before the Court.

## II. FRITO-LAY'S RSRS ARE AND WERE EXEMPT UNDER PENNSYLVANIA'S MOTOR CARRIER EXEMPTION AT ALL APPLICABLE TIMES

---

[1]  "SAFETEA-LU" refers to the Safe, Accountable, Flexible, Efficient Transportation Equality Act: A Legacy for Users, Pub. L. No. 109-59, 119 Stat. 1144, passed on August 10, 2005.

[2]  "The TCA" refers to the Technical Corrections Act to SAFETEA-LU, Pub. L. No. 110-244, 122 Stat. 1572, passed on June 6, 2008.

[3]  Mayan v. Rydbom Express, Inc., Case No. 07-2658, 2009 U.S. Dist. LEXIS 90525 (E.D. Pa. Sept 30, 2009).

The Pennsylvania MCE was enacted in 1990 and by its plain language incorporates the federal MCA as it was in effect in 1990. The Pennsylvania legislature did not at that time or at any subsequent time incorporate into its state law any of the changes to the federal MCA made by Congress. If Pennsylvania intended to update its law to conform to the changes made in federal law, its legislature has had ample time to act. For Plaintiffs to succeed here, this court must read into the state law a change that was never made by the Pennsylvania legislature or signed by the Pennsylvania governor. Plaintiffs have offered no authority or rule of statutory construction that would legitimize this court stepping in where the legislature did not.

Even if the PMWA was somehow deemed to incorporate the subsequent federal enactment of changes, Plaintiffs still have not carried their burden to show these changes added a weight requirement to the Pennsylvania MCE. At the time of the enactment of the PMWA, the federal MCA had no weight requirement. Prior to August 10, 2005, all motor carriers were subject to regulation by the Department of Transportation ("DOT"), regardless of the weight of the vehicles they used, so long as those vehicles transported passengers or property in interstate commerce. Effective August 10, 2005, SAFETEA-LU limited the DOT's authority under the federal MCA to regulate only motor carriers that provided transportation through the use of "commercial" motor vehicles, defined as motor vehicles with GVWRs of at least 10,001 pounds. 49 U.S.C. §§ 13102; 31131(1)(A). However, SAFETEA-LU **only** altered which **employers** would be considered motor carriers, and made no changes to the definition of "employees" under the law. Mayan, supra. Thus, under federal law, Frito-Lay remained a motor carrier both before and after SAFETEA-LU, and its employees were exempt from overtime.

The next change was on June 6, 2008, when Congress passed the TCA. The TCA removed "commercial" from the definition of "motor vehicle" under the federal MCA and removed all weight requirements for motor carriers along with it. 49 U.S.C. § 13102. At the same time, the TCA altered the federal Fair Labor Standards Act ("FLSA") MCE, by creating a class of employees who **were** subject to regulation by the DOT but **were not** covered by the FLSA's MCE. 29 U.S.C. § 207; TCA § 306(a). For the first time, a disconnect emerged

between the federal MCA and MCE: no weight requirements remained under the federal MCA, but to fall under the federal MCE, a motor carrier employee was required to drive a truck over 10,000 pounds. Because the PMWA's MCE exempts from overtime all employees who are covered by the federal **MCA**, rather than the federal **MCE**, no weight requirement exists for Pennsylvania motor carriers to be exempt from overtime post-TCA. Thus, even were the PMWA to incorporate subsequent changes to the federal MCA, those changes have never imposed an individual weight requirement for the applicability of the Pennsylvania MCE, and Frito-Lay's RSRs remained exempt throughout the relevant period.

A.     **The PMWA Does Not Incorporate Subsequent Changes to the Federal MCA.**

Plaintiffs argue that the incorporation of a provision of the federal MCA into the PMWA is governed by the rule of statutory construction laid out in 1 Pa. C.S.A. § 1937, and therefore incorporates all amendments to 49 U.S.C. § 3102(b)(1), rather than just the provision as it existed at the time of incorporation. While this would be true if the PMWA incorporated another **Pennsylvania** statute, regulation or ordinance, it is not true where – as here – the statute makes reference to a **federal** statute in an area where Congress has not exercised its powers under the Supremacy Clause. The construction principle stated in 1 Pa. C.S.A. § 1937 was necessarily intended to apply to statutes issued "by a public body" **within Pennsylvania**, where changes to the incorporated provision would be under the control of the Pennsylvania legislature. In contrast, the Pennsylvania legislature has no control over future changes to a federal statutory provision incorporated by reference and, therefore, incorporating such a provision with all future amendments would be an abdication of legislative responsibility and violation of the non-delegation doctrine of the Pennsylvania Constitution. See Pa. Const. Art. 2 § 1 (vesting the legislative power of the Commonwealth in a general assembly); Ins. Federation of Pa., Inc. v. Commonwealth, 889 A.2d 550, 553 (Pa. 2005) ("Under the non-delegation doctrine, 'the Legislature cannot constitutionally delegate the power to make law to any other branch of government or to any other body or authority.'")

Other states have interpreted almost identical statutory construction language to violate the non-delegation clause if applied to federal law.[4] For example, an Oregon statute states: "When one statute refers to another, either by general or by specific reference or designation, the reference shall extend to and include, in addition to the statute to which reference was made, amendments thereto and statutes enacted expressly in lieu thereof unless a contrary intent is expressed specifically..." Or. Rev. Stat. § 174.060. The Oregon Supreme Court held that application of this statute to non-Oregon laws would violate the non-delegation clause in the Oregon constitution. See State v. Charlesworth, 951 P.2d 153, 158-59 (Or. Ct. App. 1997). The same is true here, and the construction principles in 1 Pa. C.S.A. § 1937 do not apply to the incorporation of 49 U.S.C. § 3102(b)(1) into the PMWA.

**B.  Post-SAFETEA-LU but Pre-TCA, Plaintiffs Were Exempt from Overtime Under the PMWA.**

    1.    SAFETEA-LU Only Changed the Motor Carrier Act's Definition of "Employer," and Did Not in Any Way Affect the Definition of "Employee."

It is undisputed that SAFETEA-LU added a weight requirement in order for **employers** to qualify as exempt motor carriers. It is equally clear that nothing in SAFETEA-LU changed the definition of which **employees** qualify, as Plaintiffs claim.

Plaintiffs argue that post-SAFETEA-LU but pre-TCA, an analysis of each individual employee's activities was required to determine whether he or she was subject to DOT jurisdiction, and cite to 29 C.F.R. § 782.2 in support of this contention. However, in Mayan, supra, Judge Stengel of the Eastern District of Pennsylvania explicitly rejected this argument,

---

[4] There is one Pennsylvania Commonwealth Court case holding that where the federal government has required that state legislation conform to federal law, requiring federal agency approval before a Pennsylvania statutory provision became effective was not a violation of the non-delegation doctrine. See Charter Hosp. of Bucks County v. Commonwealth, 534 A.2d 1125, 1129-30 (Pa. Cmwlth. Ct. 1987). In that context, the court also held that the cross-referenced federal statute, which required approval of the state legislation, would include subsequent amendments requiring conformity with federal agency regulations under 1 Pa. C.S.A. § 1937, and would not be limited to approval directly by the Secretary of Health, Education and Welfare. Id. at 1129. Unlike Charter Hospital, the Pennsylvania legislature does not need approval from the federal government for its minimum wage law. See 29 U.S.C. § 218(a). As such, 1 Pa. C.S.A. § 1937 cannot require incorporation of the federal definition of "motor carrier" **with all future changes** without violating the non-delegation provision of the Pennsylvania Constitution.

and rejected the idea that a particular employee would need to drive a truck with a GVWR over 10,000 pounds to qualify for the exemption. While it is true the employees in Mayan switched between different truck types, this was mentioned only in passing and was irrelevant to the Court's decision, which was that no individual assessment was required. The Court found that "there is no suggestion or other discernible intention to hinge the exemption on whether the **employee** works on commercial motor vehicles [those with GVWRs over 10,001 pounds] or not." Id. at *14 (emphasis and bracketed explanation added). The Court further explained that "[w]hen it altered the definition of motor carrier, Congress also had an opportunity to change which motor carrier **employees** could be exempted... I find that Congress did not do so." Id. at *21 (emphasis added). If this were not clear enough, the Court found unpersuasive the argument that "a motor carrier employee would not be covered by the Motor Carrier Act exemption if his or her duties affected only non-commercial motor vehicles [those with GVWRs under 10,001 pounds]." Id. at *22 (bracketed explanation added). In other words, the Mayan court, the only Pennsylvania District Court to consider the issue, consistently and clearly held that the size of the truck driven by the individual employee was irrelevant. It explicitly considered the arguments and authorities raised by Plaintiffs in the instant case – and rejected them.

  2. <u>Plaintiffs' Authorities are Inapposite and Unpersuasive.</u>

Plaintiffs cite several cases that came down **before** SAFETEA-LU in an attempt to persuade the Court that the definition of "employee" changed under SAFETEA-LU. See Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695 (1947); Boutell v. Walling, 327 U.S. 463 (1946); U.S. v. American Trucking Assn., 310 U.S. 534 (1940); Goldberg v. Faber Industries, Inc., 291 F.2d 232 (7th Cir. 1961); Remy Dauphin v. Chestnut Ridge Transportation, Inc., 544 F.Supp. 2d 266 (S.D.N.Y. 2008) (post-SAFETEA-LU, but not interpreting SAFETEA-LU); McGee v. Corporate Express Delivery Systems, 2003 U.S. Dist. LEXIS 20855 (N.D. Ill. 2003); Dole v. Solid Waste Services, Inc., 733 F.Supp. 895 (E.D. Pa. 1989). Plaintiffs' reliance on these cases is misplaced. SAFETEA-LU's affect on the definition of an employee under the MCA

cannot be interpreted by cases handed down before SAFETEA-LU's passage, or by cases that do not interpret SAFETEA-LU at all.[5]

Plaintiffs do cite some cases that do interpret SAFETEA-LU. See Brooks v. Halsted Communications, Ltd., 620 F.Supp.2d 193 (D. Mass. 2009); Tews v. Renzenberger, Inc., 592 F.Supp.2d 1332 (D.Kan. 2009); Hernandez v. Brink's, Inc., Case No. 08-20717 (S.D. Fla. Jan. 15, 2009); Vidinliev v. Carey International, Inc., 581 F. Supp.2d 1281 (N.D. Ga. 2008); Kautsch v. Premier Communications, 502 F. Supp.2d 1007 (W.D. Mo. 2007). These cases either involve motor carriers with **no** vehicles over 10,001 pounds in their fleets, and as such are inapplicable to Frito-Lay's situation, or base their decisions on the 29 C.F.R. § 782.2(b)(2) argument that the Mayan court explicitly rejected.

Simply put, Plaintiffs have no controlling, or even persuasive authority, to overcome the clear fact that Congress, in passing SAFETEA-LU, only amended the statute's definition of an **employer**, and did not change in any way its definition of **employee**. Plaintiffs' assertions to the contrary are unsupported and are particularly unpersuasive in Pennsylvania, where the Mayan court considered and rejected them. Between the passage of SAFETEA-LU and the passage of the TCA, employees of motor carriers with trucks over 10,000 pounds, including Plaintiffs, were regulated by the DOT and as such were exempt under the PMWA's MCE.

### C. Post-TCA, Plaintiffs Remained Exempt from Overtime Under the PMWA.

It is clear Plaintiffs were exempt between the passage of SAFETEA-LU and the TCA. It is equally clear Plaintiffs continued to be exempt post-TCA. Even assuming the state MCE incorporates changes to the federal MCA, the TCA removed any weight requirement from the federal MCA, and in so doing also removed any weight requirement from the PMWA MCE.

The PMWA exempts from overtime "any employee of a motor carrier with respect to whom the Federal Secretary of Transportation has power to establish qualifications and maximum hours of service under 49 U.S.C. § 3102(b)(1) and (2) [the MCA]". 43 P.S.

---

[5] Plaintiff likewise cites to statutory authority and documents from the Embacher lawsuit that predate the April 2006 limitations period of this action and are therefore irrelevant.

§ 333.105(b)(7) (bracketed explanation added). Pennsylvania's MCE does **not** incorporate the FLSA's MCE to exempt employees from overtime who are exempt under the federal Motor Carrier **Exemption**. It instead exempts employees whose employers are subject to the federal Motor Carrier **Act**.

Plaintiffs' own letter submitted with their Opposition supports this point. In a March 11, 2010 letter to Plaintiffs' counsel, Mr. Linkosky, the Pennsylvania Bureau of Labor Law Compliance ("BLLC") states that "[b]ased on the new change to the Motor Carrier Act, employees that participate in interstate travel in a non-commercial vehicle [one with a GVWR under 10,001 pounds] now qualify again for the motor carrier exemption from overtime. 49 U.S.C.A.§ 13102(15); 43 P.S. § 333.105(b)(7)." (Bracketed explanation added). That letter further explains that any changes in the DOT's interpretation (but **not** the DOL's interpretation) automatically apply to the Pennsylvania MCE. Plaintiffs conceded this point. Pls. Opp. at 7.

This is notable because of the structure of the recent changes to the law. The TCA added weight requirements to the federal Motor Carrier **Exemption**. And for the first time, the federal Motor Carrier **Act** and **Exemption** no longer match up. But regardless of the differences, the Pennsylvania state legislature chose to incorporate the federal Motor Carrier **Act** as opposed to the federal Motor Carrier **Exemption** when crafting their own MCE. Because the **Act** no longer has any weight requirements post-TCA, neither does the PMWA MCE.

### III.     THE FLUCTUATING WORKWEEK METHOD IS LEGAL IN PENNSYLVANIA

Whether Pennsylvania's version of the FWW method requires an agreement or understanding between an employer and its employees, and whether Frito-Lay's employees have such an understanding, are not before this Court. The only issue before it related to the FWW is whether employers may lawfully calculate overtime in Pennsylvania using this method.

#### A.     The Pennsylvania Bureau of Labor Law Compliance Permits the Use of the Fluctuating Workweek Method.

The Pennsylvania BLLC permits the use of the FWW method in Pennsylvania. In a telephone conversation with Amber Gontz of the BLLC on September 3, 2010, Ms. Gontz confirmed that the BLLC supports the use of the FWW method. Ms. Gontz stated that so long as

the employee receives a flat payment that covers all hours they work (for example, a commissioned employee's base salary), the employer must simply include that amount with all other amounts earned for the week (including bonuses, commissions, etc.) and divide that amount by **all hours worked** to get to the employee's regular rate. That regular rate is multiplied by **one-half** to get the employee's overtime rate for the week. See Declaration of Ashley Hirano, submitted herewith.

In support of her position, Ms. Gontz pointed to the BLLC's comments to Section 231.43(b), which state as follows:

> **Flat Sum**
> The placement of the disjunctives in subsection (b) of this regulation makes it applicable to two classes of employes [sic]. First, it applies to employes [sic] "paid a flat sum for a day's work . . . without regard to the number of hours worked in the day . . ." **Second, it applies to employes [sic] "paid a flat sum . . . for doing a particular job without regard to the number of hours worked . . . at the job."** Friedrich v. U. S. Computer Systems, Inc., # 90-1615, 3 Wage & Hour Cas. 2d (BNA) 181 (January 23, 1996).[6]

This interpretation of 34 Pa. Code § 231.43(b) is bolstered by an opinion letter submitted by Plaintiffs.[7] The letter states "In my view, the concept of a fluctuating workweek method can be accommodated under existing law. Not only is there no language forbidding a fluctuating work week, or defining 40 hours as the standard for determining the employer's regular rate for overtime purposes, but the language of 34 Pa. Code § 231.43(b) seems to support this concept." BLLC Letter of Nov. 12, 1998. Although Plaintiffs assert that later BLLC letters "dismiss" the Deputy Chief Counsel's original letter, these letters address only the BLLC's role in interpreting state law, and not the substantive question of the use of the FWW method in Pennsylvania.

Note this interpretation relies on Section 231.43, subsection (b), and is therefore an entirely separate and alternative source of support for the use of the FWW method than that offered by the case authority, which relies on Section 231.43, subsection (d), as discussed below.

**B.    The Only Applicable Case Authority Permits the Use of the Fluctuating Workweek Method.**

---

[6] BLLC Comments to section 231.43(b), found at www.portal.state.pa.us/portal/server.pt?open=514&objID=552961&mode=2#231.43 (last visited September 3, 2010) (emphasis added).

[7] Plaintiffs state this letter was submitted with Frito-Lay's Motion, although it was not.

The only two cases to decide whether Pennsylvania allows the use of the FWW method are <u>Evans v. Lowe's Companies, Inc.</u>, Civil Action No. 3:03-cv-0438, 2004 U.S. Dist. LEXIS 8335 (M.D. Pa., April 29, 2004), and <u>Friedrich v. U.S. Computer Systems, Inc.</u>, Civil Action No. 90-1615, 1996 U.S. Dist. LEXIS 775 (E.D. Pa., Jan. 23, 1996). Both hold that it does, under 34 Pa. Code § 231.43(d)(3), and Frito-Lay will not repeat that analysis here.

Plaintiffs cite to a 1993 <u>Friedrich v. U.S. Computer Systems, Inc.</u> case, found at 833 F. Supp. 470 (E.D. Pa. 1993), which analyzed the FWW method under a different section, 34 Pa. Code § 231.43(**b**), and found it was not applicable to salaried employees. The 1996 <u>Friedrich</u> case found the FWW method of calculating overtime lawful under 34 Pa. Code § 231.43(**d**)(3). In fact, Judge Gawthrop of the Eastern District of Pennsylvania stated in the 1996 <u>Friedrich</u> decision that "[it] is undisputed that the defendant's overtime compensation plan [which was virtually identical to Frito-Lay's compensation plan] complies with the substance of [34 Pa. Code § 231.43(d)(3)]." <u>Friedrich</u>, 1996 U.S. Dist. LEXIS at * 28 (bracketed explanation added).

The 1993 case held that section 231.43(b) was not applicable to salaried employees. (Although notably, as discussed above, the BLLC disagrees and relies on this section to allow the FWW method.) The 1996 case held that while section 231.43(b) was not applicable to salaried employees, section 231.43(d) was, and allowed the use of the FWW method in Pennsylvania. As such, there are two alternative statutory provisions that arguably allow the use of this method.

### C.  **Plaintiffs' "Fluctuating Workweek" Authority is Irrelevant and Inapposite.**

First, Plaintiffs cite <u>Turner v. Mercy Health System</u>, 2010 Phila. Ct. Com. Pl. LEXIS 146, to support their argument that Pennsylvania forbids the use of the FWW method. Plaintiffs call <u>Turner</u> "the only published Pennsylvania state court opinion on the fluctuating workweek." Pls. Opp. at 18. However, the <u>Turner</u> opinion does not address the FWW method or its legality under Pennsylvania law, even tangentially. Instead, <u>Turner</u> decides whether an 8 hour a day, 80 hour a week method of paying overtime to employees is legal under the PMWA. <u>Turner</u>, 2010 Phila. Ct. Com. Pl. LEXIS at *2.

Second, Plaintiffs appear to argue that Frito-Lay improperly calculates overtime on RSR commissions, and that because commission amounts are variable, this somehow defeats the applicability of the FWW method. Pls. Opp. at 16, 19. This argument is not before the court; the FWW method applies to overtime on **only** the salary portion of the RSRs' compensation. 29 C.F.R. § 778.109.[8]

Finally, Plaintiffs argue that because 34 Pa. Code § 231.41 requires overtime at 1 ½ times the employee's regular rate of pay, the FWW method must be unlawful in Pennsylvania. However, under federal law, overtime is also required at 1 ½ times the employee's regular rate for all overtime hours. 29 U.S.C. § 207(a)(1). And the FWW method is indisputably allowed under federal law. 29 C.F.R § 778.114. Similarly in Pennsylvania, the FWW method is not incompatible with a general rule that overtime is paid 1 ½ times the regular rate. This is because the salary is intended to cover all hours worked, so the "1" has already been paid by the salary. Adding the "½" due under the FWW method brings the overtime up to 1 ½.

None of Plaintiffs' attempts to distract the Court's attention change the fact that the only relevant, on-point authority approves the use of the FWW method in Pennsylvania.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Frito-Lay respectfully requests that this Court grant its Motion for Partial Summary Judgment in its entirety.

Dated: September 15, 2010            SHEPPARD MULLIN RICHTER & HAMPTON, LLP

/s/ *Samantha Hardy*
Guy N. Halgren, Esq.
Samantha D. Hardy, Esq.
Rachel A. Miller, Esq.
Ashley T. Hirano, Esq.
(All attorneys admitted *pro hac vice*)
Attorneys for Defendant.

---

[8] Frito-Lay calculates overtime by dividing total weekly compensation by all hours worked, and paying overtime at ½ the resulting regular rate, as approved by the Pennsylvania BLLC. This satisfies both the FWW method, and the requirements for overtime on commissions. <u>See</u> Hirano Decl. However, only the former is at issue.

## CERTIFICATE OF SERVICE

I, Samantha D. Hardy, hereby certify that copies of the foregoing Defendant Frito-Lay, Inc.'s Reply To Plaintiffs' Opposition To Its Motion For Partial Summary Judgment will be received by the counsel below who are currently on the Electronic Mail Notice List for this case on this 15th day of September, 2010:

- John R. Linkowsky (Counsel for Plaintiffs)
  linklaw@comcast.net, jomil245@comcast.net

- Joseph E. Fieschko, Jr. (Counsel for Plaintiffs)
  joe@fieschko.com

- Stephanie R. Reiss (Counsel for Defendant)
  sreiss@morganlewis.com, kxander@morganlewis.com, jtanski@morganlewis.com

- Guy N. Halgren (Counsel for Defendant)
  ghalgren@sheppardmullin.com, rbeaudry@sheppardmullin.com

- Rachel A. Miller (Counsel for Defendant)
  rmiller@sheppardmullin.com

- Ashley T. Hirano (Counsel for Defendant)
  ahirano@sheppardmullin.com

/s/ Samantha Hardy
Samantha D. Hardy
Attorney for Defendant